UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROLAND PELLETIER,

    Plaintiff,

v.                                       Case No. 6:23-cv-112-PGB-DAB

BREVARD COUNTY SHERIFF
OFFICE and BREVARD COUNTY
STATE OF FLORIDA,

    Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on initial review of Plaintiff's civil rights complaint (Doc. 1) under 28 U.S.C. § 1915A, and his Affidavit Certificate and Inmate Balance Report (Doc. 2), which the Court construes as a request to proceed *in forma pauperis* in this action. Plaintiff is an inmate at the Brevard County Jail and proceeds in this action *pro se*.

The Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Therefore, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). Consequently, courts have a responsibility to dismiss cases, even *sua sponte,* under 28 U.S.C. § 1915(g). *See, e.g., Casey v. Scott,* 493 F. App'x 1000, 1001 (11th Cir. 2012).

Plaintiff's prior cases, dismissed as either frivolous, malicious, or for the failure to state a claim upon which relief may be granted include:[1] *Pelletier v. Florida*, 6:22-cv-1587-CEM-EJK, Doc. 2 (M.D. Fla. Sept. 7, 2022) (dismissing case as frivolous for failure to state a claim); *Pelletier v. Henderson*, 6:22-cv-1597, Doc. 2 (M.D. Fla. Sept. 8, 2022) (dismissing case as frivolous); *Pelletier v. Palm Bay Police*, 6:22-cv-2031-CEM-EJK, Doc. 5 (M.D. Fla. Nov. 9, 2022) (dismissing case as frivolous).

In the present action, Plaintiff alleges that he was arrested unlawfully in approximately July 2010 and that, during the arrest, he was "touched" or "struck" by the arresting officer. He sets forth no specific facts demonstrating that he is in imminent danger of serious physical harm.

---

[1] The Court takes judicial notice of these cases under Rule 201 of the Federal Rules of Evidence.

Because he has had three prior dismissals that qualify under Section 1915(g) and because he has not alleged that he is in imminent danger of serious physical injury at this time, Plaintiff is not entitled to proceed *in forma pauperis* in this action. This preclusion against proceeding *in forma pauperis* is without regard to the merits of the present civil rights complaint. Plaintiff may initiate a new civil rights case by filing a civil rights complaint and paying the filing fee in full at the time of filing.

Accordingly, the case is **DISMISSED WITHOUT PREJUDICE** to the filing of a new complaint, in a new case, with a new case number, upon the contemporaneous payment of the filing fee. The **CLERK** is directed to terminate any pending motions and to **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on February 8, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party